# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

1:15
3-27-14

**NOTICE TO DEFENDANT:** PRUDENTIAL INSURANCE COMPANY OF
**(AVISO AL DEMANDADO):** AMERICA; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MELISSA LABAYOG, an individual,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 11 2014

A. Sanchez

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Riverside
4050 Main Street
Riverside, California 92501

CASE NUMBER:
(Número del Caso):
RIC
**1402362**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Samuel L. Bruchey
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
SHERNOFF BIDART ECHEVERRIA BENTLEY LLP
301 North Cañon Drive, Suite 200, Beverly Hills, CA 90210                    310-246-0503

DATE: 3/11/14                         Clerk, by _____, Deputy
(Fecha)                                (Secretario)                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Prudential Insurance Company of America
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): Entity form unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1  WILLIAM M. SHERNOFF #38856
2  TRAVIS M. CORBY #268633
   SAMUEL L. BRUCHEY #271995
3  **SHERNOFF BIDART**
4  **ECHEVERRIA BENTLEY LLP**
   301 North Cañon Drive, Suite 200
5  Beverly Hills, CA 90210
6  Telephone: (310) 246-0503
   Facsimile: (310) 246-0380
7
8  Attorneys for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 11 2014

A. Sanchez

9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10                    FOR THE COUNTY OF RIVERSIDE

RIC 1402362

| | |
|---|---|
| MELISSA LABAYOG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. Breach of Contract<br>2. Breach of the Implied Duty of Good Faith and Fair Dealing<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

# I.
# INTRODUCTION

1. This case arises from an unfair and unreasonable denial of a claim submitted by Melissa Labayog for benefits due under a group Accidental Death and Dismemberment Plan (Policy) issued by Prudential Insurance Company of America (Prudential).

2. As a fulltime teacher at Desert Sands Unified School District, Melissa, was a member of this plan.

3. In September 2012, Melissa, an English teacher at Summit High School, was assaulted by a student at school.

4. As a result of the attack, she lost hearing in right ear and vision in right eye. She also suffered a variety of other permanent injuries. Eventually, she went blind in her right eye.

5. In December 2012, Melissa submitted a claim for benefits under the policy.

6. Prudential denied her claim, contending that the accident did not cause Melissa's blindness.

7. As a result of Prudential's unreasonable denial, Melissa was forced to bring this lawsuit to recoup benefits under her policy, and to recover damages caused by Prudential's bad faith conduct.

# II.
# THE PARTIES

8. Plaintiff Melissa Labayog (Melissa) is, and at all relevant times was, a resident of La Quinta, California. A former journalist, she has worked as a high school English and History teacher for the past 17 years. At all times relevant to this dispute, she worked at Desert Sands Unified School District.

9. Defendant Prudential Insurance Company of America is a corporation duly organized and existing under the laws of the state of Pennsylvania. It is authorized to transact and does transact the business of insurance in the state of California.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50 inclusive are unknown to Melissa, who therefore sues these

COMPLAINT AND DEMAND FOR JURY TRIAL

1  defendants by such fictitious names. Melissa alleges upon information and belief that each of the
2  DOE defendants is legally responsible in some manner for the events and happenings referred to
3  herein and will ask leave of this court to amend this complaint to insert their true names and
4  capacities when the same become known.

5  11.  At all relevant times, Prudential and the DOE defendants were the agents and
6  employees of one another and were at all times acting within the purpose and scope of said
7  agency and employment, and each defendant has ratified and approved the acts of his agent.

## III.

## FACTUAL BACKGROUND

12.  On September 9, 2012, Melissa was struck in the head by a student at Summit High School. The incident happened in the school hallway during school hours.

13.  The force of the blow was so severe that Melissa fell to the ground unconscious and struck her head against the cement floor.

14.  The accident caused a traumatic brain injury, extensive nerve damage, recurring nose bleeds, violent headaches and post-traumatic stress disorder. The blow ultimately caused Melissa to lose sixty percent of the hearing in her right ear and vision in her right eye.

15.  Melissa was unable to return to work for three months. She received extensive medical treatment from neurologists, vision and hearing specialists. She was diagnosed with Post Vitrius Detachment, a condition known to cause blindness, and Post Traumatic Stress Disorder.

16.  In December 2012, Melissa returned to work, albeit in a severely limited capacity.

17.  That month, she submitted a claim for benefits under her group Accidental Death and Dismemberment policy issued to her by Prudential (the Policy).

18.  The Policy states that it will "pay benefits for accidental Loss which results from an accident. Loss means a person's: (2) total and permanent loss of sight."

19.  The Policy defines Benefits as follows:

> Benefits for accidental Loss are payable only is all of these conditions are met:
> (1) The person sustains an accidental bodily injury while a Covered Person.

-3-

(2) The Loss results directly from an Injury and from no other cause.

(3) The person suffers the Loss within 365 days after the accident.

20. The Policy further states that the amount of benefits payable depends on the type of Loss. For Melissa, the Loss of vision in her right eye entitled her to 50 percent of her total amount of insurance. Melissa's amount of insurance under the Policy was $502,000.

21. On her claim form, Melissa provided the names and contact information of ten physicians from whom she received care following the accident. The list included a neurologist, psychologist, medical imaging specialist, rehabilitation specialist, ophthalmologist, neuro-ophthalmologist, retina specialist, and plastic surgeon.

22. All of these treating physicians agreed that Melissa's loss of vision was caused by the student's blow to the head and the force with which Melissa's head struck the floor. They also agreed that Melissa's Post Vitrius Detachment would soon cause total and permanent loss of vision.

23. All of her treating physicians agreed that Melissa's total and permanent loss of vision was caused by the accident.

24. Nevertheless, by letter dated January 31, 2013, Prudential denied Melissa's claim.

25. Afterward, Melissa requested that Prudential reconsider its decision. With her request, she included additional medical records showing that, as predicted, Melissa had become legally blind in her right eye.

26. By letter dated October 29, 2013, Prudential affirmed its denial. The October letter acknowledged that policy benefits were due so long as Melissa sustained an accidental bodily injury, which caused a loss of total vision within 365 days of the accident.

27. Prudential acknowledged that Melissa's loss of vision had become total, but concluded that her blindness had not been caused by the accident.

28. In reaching this decision, Prudential failed to conduct a fair and thorough investigation of Melissa's claim. It never spoke with Melissa's treating physicians. It only considered medical records that supported its position, and overlooked others.

29. And it ignored commonly-accepted medical literature indicating that Melissa's Post Vitrius Detachment is known to cause gradual loss of vision ending in blindness.

30. Had Prudential undertaken a full and fair investigation as required by California law, it would have discovered that there was no other conceivable cause of Melissa's blindness.

31. As a result of Prudential's claim denial, Melissa was compelled to instigate this litigation in order to receive the benefit of the policy. As a further result, she has suffered severe financial and emotional distress.

## IV.

## FIRST CAUSE OF ACTION:

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

(against Prudential Life Insurance Company)

32. Melissa refers to all preceding paragraphs, inclusive, and incorporates them as if set forth in full in this cause of action.

33. Prudential breached its duty of good faith and fair dealing owed to Melissa in the following respects:

    (a) Unreasonably and without proper cause withholding benefits due under the policy;

    (b) Unreasonably and without proper cause failing to consider its insured's interests at least as much as its own in handling Melissa's claim;

    (c) Unreasonably and without proper cause failing to diligently search for reasons to support Melissa's claim and instead proactively searching for ways to deny the claim;

    (d) Unreasonably and without proper cause ignoring crucial information that would have supported Melissa's claim.

34. Melissa is informed and believes and thereon alleges that Prudential breached its duty of good faith and fair dealing owed to her by other acts or omissions of which she is presently unaware and which will be shown according to proof at the time of trial.

35. Prudential furthermore committed institutional bad faith. Prudential's institutional bad faith amounts to reprehensible conduct because the conduct is part of a repeated pattern of unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in the established company policy of Prudential.

36. Prudential's institutional bad faith includes using its claims department to achieve a certain number or percentage of denials per year in order to save money and increase profits.

37. Prudential's conduct was undertaken by its deputies or managing agents, who were responsible for claims supervision and operations, communications and decisions. This conduct was undertaken on behalf of Prudential. Prudential further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities are unknown to Melissa at this time and therefore indentified and designated herein as DOES 1 through 50, inclusive.

38. As a proximate result of the aforementioned unreasonable conduct of Prudential, Melissa has suffered and will continue to suffer damages. These damages include, but are not limited to, interest on the withheld payments due under the policy and other special, economic and consequential damages, of a total amount to be shown at trial.

39. As a further proximate result of the unreasonable conduct of Prudential, Melissa was compelled to retain legal counsel to obtain the benefits due under the policy. Therefore, Prudential is liable to Melissa for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Melissa in order to obtain the policy benefits.

40. Prudential intended its conduct to cause injury to Melissa. Alternatively, Prudential engaged in despicable conduct carried out with a willful and conscious disregard of Melissa's rights or subjected Melissa to cruel and unjust hardship in conscious disregard of her rights. Alternatively, Prudential's conduct constituted an intentional misrepresentation, deceit or concealment of a material fact known to Prudential with the intention of depriving Melissa of property, legal rights, or of causing other injury. Prudential's conduct therefore constitutes malice, oppression or fraud under California Civil Code §3294, entitling Melissa to punitive

damages in an amount appropriate to punish or set an example of defendant and deter future similar conduct.

## V.
## SECOND CAUSE OF ACTION: BREACH OF CONTRACT
### (against Prudential Life Insurance Company)

41. Melissa refers to all preceding paragraphs, inclusive, and incorporates them as if set forth in full in this cause of action.

42. Prudential owed duties and obligations to Melissa under the Policy.

43. Melissa performed all her obligations under and satisfied all conditions of the Policy.

44. Prudential breached the terms and provisions of the Policy by failing and refusing to pay the benefit of the policy as set forth in the First Cause of Action, incorporated herein by reference.

45. As a direct and proximate result of Prudential's conduct and breach of its contractual obligations, Melissa has suffered damages in an amount to be determined according to proof at trial.

## VII.
## PRAYER FOR RELIEF

Melissa respectfully requests that this court enter judgment against each defendant. The final judgment should set forth the following relief:

1. Damages for breach of contract in the amount of the benefit due under the policy, plus interest;
2. General and special damages and prejudgment and post judgment interest for breach of the implied covenant of good faith and fair dealing;
3. Punitive and exemplary damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;
4. Attorney fees incurred, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813;
5. Costs of suit incurred herein; and

6. Such other and further relief as the court deems just and proper.

Dated: March 7, 2014

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP

By: _____
WILLIAM M. SHERNOFF
TRAVIS M. CORBY
SAMUEL L. BRUCHEY
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial on all causes of action that can be heard by a jury.

Dated: March 7, 2014

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP

By: _____
WILLIAM M. SHERNOFF
TRAVIS M. CORBY
SAMUEL L. BRUCHEY
Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

LABAYOG VS PRUDENTIAL INSURANCE COMPANY

CASE NO. RIC1402362

This case is assigned to the Honorable Judge John D. Molloy in Department 10 for case management purposes. The Case Management Conference is scheduled for 09/11/14 at 8:30 in Department 10.

Case is Assigned to Department 11 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.
Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 03/11/14         by: _____
                            ANNA B SANCHEZ, Deputy Clerk

CDACMC
1/28/14