# EXHIBIT B

1  MESERVE, MUMPER & HUGHES LLP
   Linda M. Lawson (Bar No. 77130)
2  llawson@mmhllp.com
   Jason A. James (Bar No. 265129)
3  jjames@mmhllp.com
   800 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90017-2611
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930

6  Attorneys for Defendant
   THE PRUDENTIAL INSURANCE COMPANY OF
7  AMERICA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 1 5 2014

R. Alessandro

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF RIVERSIDE

10

11  MELISSA LABAYOG, an individual,        )   Case No. RIC 1402362
                                           )
12              Plaintiff,                 )   **DEFENDANT THE PRUDENTIAL**
                                           )   **INSURANCE COMPANY OF**
13         vs.                             )   **AMERICA'S ANSWER TO**
                                           )   **PLAINTIFF'S UNVERIFIED**
14  PRUDENTIAL INSURANCE COMPANY           )   **COMPLAINT**
    OF AMERICA; and DOES 1 through 50      )
15  inclusive,                             )   Complaint Filed: March 11, 2014
                                           )
16              Defendant.                 )
                                           )

17

18         COMES NOW defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

19  ("Prudential"), for itself and for no other party, and in response to the Complaint filed by plaintiff

20  MELISSA LABAYOG ("Plaintiff"), admits, denies, and/or alleges as follows:

21                              **GENERAL DENIAL**

22         1.     Pursuant to California Code of Civil Procedure ("CCP") § 431.30(d), Prudential

23  denies, generally and specifically, each and every allegation set forth in Plaintiff's unverified

24  Complaint, and each allegation of every cause of action set forth therein, and the whole thereof, and

25  denies that Plaintiff sustained or will sustain damages in the sum or sums alleged in her Complaint,

26  or in any sum or sums, or at all.

27  ///

28  ///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

                                    1
       DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
             ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Prudential alleges and avers as follows:

### FIRST DEFENSE

1.     Prudential alleges that the Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Prudential.

### SECOND DEFENSE

2.     Prudential alleges that Plaintiff's cause of action for breach of the duty of good faith and fair dealing fails on the grounds that any and all actions taken by Prudential were fair, reasonable, and in good faith, and therefore subject to a bona fide dispute, and a genuine issue of liability exists.

### THIRD DEFENSE

3.     Prudential alleges that Plaintiff's cause of action for breach of contract is barred, in whole or in part, in that Prudential substantially and/or fully performed all of its duties and obligations, if any, arising out of any contract(s) with Plaintiff.

### FOURTH DEFENSE

4.     Prudential alleges that Plaintiff has failed to meet the terms and conditions necessary for coverage to exist under the applicable insurance policy.

### FIFTH DEFENSE

5.     Prudential alleges that Plaintiff failed to comply with one or more conditions precedent to obtaining coverage under the applicable insurance policy and/or benefits pursuant to the applicable insurance policy.

### SIXTH DEFENSE

6.     Prudential alleges that its purported obligations, if any, as alleged in the Complaint were fully performed.

### SEVENTH DEFENSE

7.     Prudential alleges that if Prudential failed to perform any obligations owing to Plaintiff, which Prudential categorically denies, such performance was prevented or made

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

2

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    impossible as a result of the acts or omissions of Plaintiff and/or others.

2                                **EIGHTH DEFENSE**

3          8.    Prudential alleges that the Complaint, and each purported cause of action alleged

4    therein, fails to state any facts that would entitle Plaintiff to recover general, compensatory,

5    emotional distress, statutory penalties, punitive, and/or other damages (including attorney's fees and

6    costs) against Prudential.

7                                **NINTH DEFENSE**

8          9.    Prudential alleges, without conceding that Plaintiff sustained any damages as alleged

9    in the Complaint, that if any such damages were sustained by Plaintiff, Plaintiff failed to and did

10   not exercise ordinary care, caution and/or prudence on her own behalf and that the alleged damages,

11   if any, either sustained by Plaintiff or referred to in the Complaint were directly and proximately

12   caused and contributed to by the acts and/or omissions of Plaintiff.  Accordingly, recovery, if any,

13   on the part of Plaintiff against Prudential must be reduced by a proportionate percentage of the

14   wrong attributable to Plaintiff.

15                               **TENTH DEFENSE**

16         10.   Prudential alleges, without conceding that Plaintiff sustained any damages as alleged

17   in the Complaint, that if any such damages were sustained by Plaintiff, they were caused and/or

18   contributed to by the actions and/or negligence of Plaintiff and/or her agents or representatives

19   and/or by persons or entities other than Prudential, and the award of damages, if any, should be

20   reduced by the proportionate percentage of the wrong attributable to those persons or entities and/or

21   Plaintiff and/or her agents or representatives.

22                              **ELEVENTH DEFENSE**

23         11.   Prudential alleges, without conceding that Plaintiff sustained any damages as alleged

24   in the Complaint, that if any such damages were sustained by Plaintiff, those damages should be

25   properly apportioned among all persons or entities who contributed to those damages in proportion

26   to the fault of those persons or entities, pursuant to California Civil Code § 1431.2 and any relevant

27   provisions of California common and statutory law.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

3

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**TWELFTH DEFENSE**

12.     Prudential alleges that Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code §§ 3300 and 3302.

**THIRTEENTH DEFENSE**

13.     Prudential alleges that Plaintiff's damages claim, if any, is limited by the provisions of California Insurance Code § 10111.

**FOURTEENTH DEFENSE**

14.     Prudential alleges that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a *prima facie* claim for punitive or exemplary damages within the meaning of California Civil Code §§ 3294 and 3295, and the imposition of punitive or exemplary damages against it would violate California Civil Code § 3294.

**FIFTEENTH DEFENSE**

15.     Prudential alleges that the bases by which punitive damages are imposed pursuant to California statutory and common law are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause), and Fourteenth Amendments to the United States Constitution, and corresponding provisions of the California Constitution.

**SIXTEENTH DEFENSE**

16.     Prudential alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Prudential's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

**SEVENTEENTH DEFENSE**

17.     Prudential alleges that the Complaint is barred because Prudential did not breach any legal duty owed to Plaintiff.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

4

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EIGHTEENTH DEFENSE**

18.     Prudential alleges that the Complaint is barred because the alleged conduct of Prudential is excused.

**NINETEENTH DEFENSE**

19.     Prudential alleges that any and all of the actions taken by any officer, employee, and/or agent of Prudential were good faith assertions of the rights of Prudential and were therefore privileged or justified.

**TWENTIETH DEFENSE**

20.     Prudential alleges that if Plaintiff has sustained any damages as alleged in the Complaint, which Prudential denies, she failed to mitigate said damages.

**TWENTY-FIRST DEFENSE**

21.     Prudential presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated defenses.  Prudential reserves the right to assert additional defenses in the event discovery or further investigation indicates that asserting additional defenses would be warranted.

///
///
///
///
///
///
///
///
///
///
///
///
///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

5

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PRAYER**

WHEREFORE, Prudential prays for a judgment in its favor and against Plaintiff as follows:

    1.    An order dismissing the Complaint, with prejudice, with respect to all causes of action;

    2.    An order declaring that Plaintiff take nothing on her Complaint;

    3.    An order declaring that no benefits or damages are payable to Plaintiff under the Policy;

    4.    For judgment against Plaintiff and in favor of Prudential;

    5.    That Prudential be awarded reasonable attorneys' fees;

    6.    That Prudential be awarded its costs of suit; and

    7.    For such other and further relief as the Court may deem just and proper.


Dated:  April 15, 2014

MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson
Jason A. James


By: _____
Jason A. James
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136714.1

6

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 800 Wilshire Boulevard, Suite 500,
4    Los Angeles, California 90017-2611.

5    On April 15, 2014, I served the within document(s) described as:

6    **DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**
7

8    on the interested parties in this action as stated below:

9    William M. Shernoff
     Travis M. Corby
     Samuel L. Bruchey
10   SHERNOFF BIDART ECHEVERRIA BENTLEY LLP
     301 North Canon Drive, Suite 200
11   Beverly Hills, CA 90210

12   Facsimile No.: 310-246-0380

13   [X]  (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed above. I am readily familiar with this firm's practice of collection and processing correspondence for
14   mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is
15   presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

16
     I declare under penalty of perjury under the laws of the State of California that the
17   foregoing is true and correct.

18   Executed on April 15, 2014, at Los Angeles, California.

19

20   TINA M. ABRANTE
     _____          _____
        (Type or print name)                    (Signature)

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

136910.1

```
*************************************************************************
*          Superior Court of California, County of Riverside
*                    www.riverside.courts.ca.gov
*                         Riverside Branch
*------------------------------------------------------------------------
*
* Receipt # 201404150130    Oper: RCRKA              Date:  4/15/14
*
* Case #    RIC1402362    Case Type: Riverside Civil
*
* Name: LABAYOG VS PRUDENTIAL INSURANCE COMPANY
*                                        Appearance Fee
* Payment Type: CHECK
*
*Received:            $450.00
*        Fee :        $450.00
*Change:                $0.00
*
*------------------------------------------------------------------------
```